IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lunday,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>　　　　Defendant. | CV-05-1774-PHX-SMM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

　　　This matter arises on the Court's review of the file.  Plaintiff commenced this action on June 10, 2005. (document # 1) On November 22, 2005, the Court ordered service on Defendant and directed Plaintiff to return the completed service packet on or before December 12, 2005. (document # 4)  In that same Order, the Court directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action.

　　　Thereafter, on November 28, 2005 and December 6, 2005 the Court received returned mail addressed to Plaintiff marked "undeliverable. released, no longer in custody." (documents # 5, # 6) Additionally, Plaintiff did not return a completed service packet by the December 12, 2005 deadline.  Plaintiff violated the Court's November 22, 2005 Order by failing to advise the Court of his new address and by failing to return a completed service packet by the deadline.  In view of Plaintiff's failure to comply with court orders, on December 15, 2005, the Court ordered Plaintiff to show cause on or before January 5, 2006 why his action should not be

dismissed without prejudice for failure to comply with Court orders.  (document # 7)(citing FED.R.CIV.P. 41(b)).

Although the January 5, 2006 deadline has passed, Plaintiff has not responded to the Court's December 15, 2005 Order and has neither returned a completed service packet nor advised the Court of his current address.  On December 23, 2005, the Court again received returned mail addressed to Plaintiff marked "no longer in custody."  (document # 9) There is no alternate address for Plaintiff in the Court's records.  Plaintiff has not taken any action in this matter since he filed the Complaint on June 10, 2005.  (document # 1) In view of the foregoing, the Court will consider whether dismissal is appropriate.

When considering whether to dismiss an action for failure to prosecute or failure to comply with court orders, the court must consider: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Malone v. United States Postal Service, 833 F.3d 128, 130 (9th Cir. 1987)(quoting Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).

The first two dismissal factors support dismissal of this matter.  Plaintiff's failure to take any action since filing this case has impeded the resolution of this case.  See Malone, 833 F.2d at 130.  While the Court has reviewed Plaintiff's Complaint and attempted to assist Plaintiff in serving his Complaint, Plaintiff has done nothing.  (document # 4)  Plaintiff's failure to inform the Court of his address and failure to return a completed service packet has brought this matter to a halt.  Plaintiff's failure to explain his disregard for Court orders and his delay in returning the completed service packet also weighs in favor of dismissal.  See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).  Third, Plaintiff bears the burden of persuasion as to the reasonableness of his delay and lack of prejudice to Defendant.  See Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984).  "In determining whether a defendant has been prejudiced, [the court] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."   Malone, 833 F.2d at 131 (citing Rubin v. Belo Broadcasting Corp. (In re Rubin), 769 F.2d 611, 618 (9th Cir. 1985)).  Under Rule 41(b),

Plaintiff is required to prosecute his case with reasonable diligence. Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978). Plaintiff has not taken any action in this matter since he filed his Complaint in June of 2005. Plaintiff's inaction has effectively stopped the litigation of this matter indefinitely. Despite being ordered to do so, Plaintiff has not explained his total disregard of the Court's Orders. Under these circumstances, the Court finds that Plaintiff has not satisfied his burden of persuasion on the issue of prejudice. See Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984)(finding that district court did not abuse its discretion in dismissing action based on plaintiff's failure to serve process where plaintiff had failed to satisfy his burden of establishing lack of prejudice to defendants.) Fourth, the Order to Show Cause warned Plaintiff that the Court may dismiss the matter if Plaintiff did not show cause for his failure to comply with court orders. This warning satisfies the Court's obligation to consider less drastic alternatives to dismissal. See Malone, 833 F.2d at 132 (citations omitted). Finally, the public policy in favor of deciding cases on the merits weighs against dismissal. This factor alone, however, does not outweigh the other factors which support dismissal. Id. at 133 n.2.

After review of the foregoing factors, the Court finds that this matter should be dismissed based on Plaintiff's failure to prosecute his claims and failure to comply with Court orders. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)(stating that district courts have the authority to "control their dockets and, . . . they may impose sanctions including, where appropriate, . . . dismissal of a case." )(internal quotation omitted); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988)(holding that district court did not abuse its discretion in dismissing pro se plaintiff's complaint for failure to advise the court of his current mailing address.)

Accordingly,

IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice for failure to prosecute and for failure to comply with Court orders pursuant to FED.R.CIV.P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

1 Procedure, should not be filed until entry of the District Court's judgment. The parties shall
2 have ten days from the date of service of a copy of this recommendation within which to file
3 specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
4 Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a
5 response to the objections. Failure timely to file objections to the Magistrate Judge's Report and
6 Recommendation may result in the acceptance of the Report and Recommendation by the
7 District Court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121
8 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate
9 Judge will be considered a waiver of a party's right to appellate review of the findings of fact
10 in an order or judgment entered pursuant to the, Magistrate Judge's recommendation. See Rule
11 72, Federal Rules of Civil Procedure.

Dated this 20th day of January, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28